| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO**<br>Denver City & County Building<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: May 18, 2018 4:10 PM<br>FILING ID: BF3244AA17FE4<br>CASE NUMBER: 2018CV31851 |
| **Plaintiffs: MAUREEN PETERSON and MICHAEL PETERSON**<br><br>**v.**<br><br>**Defendant:   CIGNA HEALTH AND LIFE INSURANCE COMPANY** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiffs:*<br>Daniel J. Caplis, #13171<br>Babar Waheed, #38273<br>Ethan A. McQuinn #36618<br>**THE DAN CAPLIS LAW FIRM, LLC**<br>Plaza Tower One Penthouse<br>6400 S. Fiddlers Green Circle, Suite 2200<br>Greenwood Village, CO  80111<br>Telephone: (303) 770-5551<br>Facsimile: (303) 770-5552<br>dan@caplislaw.com<br>bw@caplislaw.com<br>ethan@caplislaw.com<br>mike@caplislaw.com | Case Number:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

The Plaintiffs, Maureen and Michael Peterson, by and through their attorneys, The Dan Caplis Law Firm, LLC hereby file this Complaint and Jury Demand, and state as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs Maureen and Michael Peterson are now, and at all times relevant hereto, residents of the State of Colorado.

2. Cigna Health and Life Insurance Company ("Cigna") is a Connecticut corporation authorized to conduct business in the state of Colorado.

3. Venue is proper in the City and County of Denver under C.R.C.P. 98, because this is an action in tort and contract, Cigna is a non-resident of this state, and Plaintiffs have designated the City and County of Denver as the county of venue for this action.



4. In March 2017, a construction project began at 1833 Emerson Street, Denver, Colorado, to build a residential apartment complex called Emerson Place.

5. On March 7, 2018, Plaintiffs' son, Dustin Peterson, was working on said construction project as an electrician foreman for his employer, Accent Electrical.

6. On March 7, 2018, shortly after 12 p.m., the Emerson Place apartment structure caught fire.

7. Tragically, Dustin Peterson was killed in the fire.

8. Multiple media outlets reported the horrific fire and that it caused the deaths of Dustin Peterson and one other person.

9. Upon information and belief, before Dustin Peterson was killed in the March 7, 2018, Emerson Place fire, he purchased life and accidental death insurance from Defendant, policy number SGM608812 ("the Policy").

10. Plaintiffs Maureen and Michael Peterson are Dustin Peterson's parents.

11. Plaintiffs are beneficiaries under Defendant's Policy.

12. In late March or early April 2018, Plaintiffs submitted a claim to Defendant and requested payment of benefits under the Policy.

13. The Policy provides both term life insurance benefits as well as accidental death insurance benefits.

14. In response to Plaintiffs' claim for benefits, in a letter dated April 12, 2018, Defendant wrote Plaintiffs and requested a copy of the Certificate of Death and stated that its "review is ongoing."

15. Plaintiffs provided the death certificate to Defendant.

16. After Plaintiffs retained the Undersigned counsel, Defendant wrote Plaintiffs on May 3, 2018, reiterating that Plaintiffs' claim was "still being reviewed" and that Defendant was still waiting on the Denver County Medical Examiner to determine the final cause and manner of death.

17. On May 8, 2018, Plaintiffs, through counsel, responded to Defendant stating that Defendant's position that it did not have sufficient evidence of the cause and manner of death was frivolous and was inflicting additional emotional distress on Plaintiffs.

18. Plaintiffs requested Defendant make full payment under the Policy on or before May 15, 2018.

19. To date, Defendant has made no payments under the Policy.

20. Defendant has no evidence suggesting that Dustin Peterson died by some other cause or manner other than as a result of the Emerson Place fire.

21. Defendant has chosen to improperly evaluate Plaintiffs' claim by, among other things, compelling its insured to institute litigation to recover amounts due under an insurance policy (C.R.S. §10-3-1104(h)(VII)).

## FIRST CLAIM FOR RELIEF
### (Plaintiffs against Defendant for Breach of Contract)

22. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

23. Cigna breached its insurance contract with Plaintiffs by failing to pay them all sums they were legally entitled to recover under the terms of the Policy.

24. Cigna also breached the insurance contract by failing to conduct a timely and reasonable investigation and evaluation of Plaintiffs' claim.

25. Plaintiffs substantially complied with their obligations under the insurance contract.

WHEREFORE, Plaintiffs request that judgment be entered against Defendant for actual damages in a sum to be determined by the trier of fact, together with interest and costs to the maximum extent provided by law.

## SECOND CLAIM FOR RELIEF
### (Plaintiffs against Defendant for Statutory Relief under
### C.R.S. §§10-3-1115 and 1116)

26. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

27. Cigna unreasonably denied and/or delayed payment of benefits to Plaintiffs without a reasonable basis.

28. C.R.S. §10-3-1116 provides in pertinent part that a first-party insurance claimant whose claim for benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs plus two times the covered benefit.

WHEREFORE, Plaintiffs request that judgment be entered against Cigna in an amount equal to two times the covered benefit unreasonably delayed or denied by Cigna, together with the contractual covered benefit, plus Plaintiffs' reasonable attorney fees, court costs, and interest to the maximum extent provided by law.

## THIRD CLAIM FOR RELIEF
### (Plaintiffs against Defendant for Bad Faith Breach of Insurance Contract)

29. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

30. Cigna acted unreasonably in the following respects, or any of them, and in any other respects ultimately revealed by the evidence: delaying payment of benefits to Plaintiffs; denying Plaintiffs the full benefits owed to them; failing to conduct a timely and reasonable analysis and evaluation of Plaintiffs' claim; and compelling Plaintiffs to institute litigation to recover amounts due under an insurance policy.

31. Cigna recklessly disregarded the fact that its conduct and decisions with respect to Plaintiffs' claim were unreasonable.

32. As a direct result of Cigna's recklessly unreasonable conduct and decisions, Plaintiffs sustained non-economic damages in a sum to be determined by the jury, including past and future mental pain and suffering, inconvenience, emotional distress, and impairment to the quality of their lives.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant for past and future economic and non-economic damages, including, but not limited to: the benefits under the Policy, past and future physical and mental pain and suffering, inconvenience, emotional stress, and loss of enjoyment of life. Plaintiffs seek interest, costs, fees as permitted by law, and any further relief the Court deems just.

### PLAINTIFFS REQUEST A TRIAL BY JURY

Respectfully submitted this 18th day of May, 2018.

**THE DAN CAPLIS LAW FIRM, LLC**

*/s/ Ethan A. McQuinn*
Daniel J. Caplis, #13171
Babar Waheed, #38273
Ethan A. McQuinn, #36618
*Attorneys for Plaintiffs*
This document was filed electronically pursuant to Rule 121 § 1-26.
The original signed document is on file in counsel's office.

Plaintiffs' Address:
880 Emerald Street
Broomfield, CO 80020